**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JONAH CORNELIS VAN DONGEN,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No. 26-cv-02161<br><br>**Judge Jorge L. Alonso**<br><br>**Magistrate Judge Jeannice W. Appenteng** |

**DEFAULT JUDGMENT ORDER**

This action having been commenced by Plaintiff JONAH CORNELIS VAN DONGEN ("Van Dongen" or "Plaintiff") against the defendants identified on First Amended Schedule A, and using the Online Marketplace Accounts identified on First Amended Schedule A (collectively, the "Defendant Internet Stores"), and Van Dongen having moved for entry of Default and Default Judgment against the defendants identified on First Amended Schedule A attached hereto which have not yet been dismissed from this case (collectively, "Defaulting Defendants");

Van Dongen having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Van Dongen has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing versions of Van Dongen's federally registered copyright, which is protected by United Sates Copyright Registration No. VA 2-445-482 (the "Jonah Van Dongen Work") to residents of Illinois.

This Court further finds that Defaulting Defendants are liable for willful federal copyright infringement (17 U.S.C. § 504),

Accordingly, this Court orders that Van Dongen's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

   a. using the Jonah Van Dongen Work or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Jonah Van Dongen product or not authorized by Van Dongen to be sold in connection with the Jonah Van Dongen Work;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Jonah Van Dongen product or any other product produced by Van Dongen, that is not Van Dongen's or not produced under the authorization, control, or supervision of Van Dongen and approved by Van Dongen for sale under the Jonah Van Dongen Work;

c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Van Dongen, or are sponsored by, approved by, or otherwise connected with Van Dongen; and

d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Van Dongen, nor authorized by Van Dongen to be sold or offered for sale, and which bear any of Van Dongen's registered copyrights, including the Jonah Van Dongen Work, or any reproductions, infringing copies or colorable imitations.

2. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon"), Temu, LLC ("Temu"), and Walmart Inc. ("Walmart") (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that

is being used to sell or is the means by which Defaulting Defendants could continue to sell infringing goods using the Jonah Van Dongen Work; and

b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Jonah Van Dongen Work or any reproductions, infringing copies, or colorable imitations thereof that is not a genuine Jonah Van Dongen product or not authorized by Van Dongen to be sold in connection with the Jonah Van Dongen Work.

3. Upon Van Dongen's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall, within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of infringing goods using the Jonah Van Dongen Work.

4. Pursuant to 17 U.S.C. § 504(c)(2), Van Dongen is awarded statutory damages from each of the Defaulting Defendants in the amount of one hundred thousand dollars ($100,000) for willful use of infringing Jonah Van Dongen Work on products sold through at least the Defendant Internet Stores.

5. Any Third Party Providers holding funds for Defaulting Defendants, including Amazon, Temu, and Walmart shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendants' assets.

6. All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendants' financial accounts, including monies held

by Third Party Providers such as Amazon, Temu, and Walmart are hereby released to Van Dongen as partial payment of the above-identified damages, and Third Party Providers, including Amazon, Temu, and Walmart are ordered to release to Van Dongen the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until Van Dongen has recovered full payment of monies owed to it by any Defaulting Defendant, Van Dongen shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8. In the event that Van Dongen identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Van Dongen may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at and any e-mail addresses provided for Defaulting Defendants by third parties.

This is a Default Judgment.

Dated: April 14, 2026

Jorge L. Alonso
United States District Judge

**First Amended Schedule A**

| No. | Defendants |
|---|---|
| 1 | [redacted] |
| 2 | [redacted] |
| 3 | yibaobao |
| 4 | wonderfulso |
| 5 | Bolcguri FGD |
| 6 | TOPEUM |
| 7 | HERDIN GLOBAL |
| 8 | Lensenda |
| 9 | [redacted] |
| 10 | Baiting |
| 11 | Ohhaha-us |
| 12 | VLwingwing |
| 13 | sixorchid |
| 14 | CuteTiger |
| 15 | [redacted] |
| 16 | timepoly |
| 17 | Lrun |
| 18 | Wondervy |
| 19 | [redacted] |
| 20 | [redacted] |
| 21 | [redacted] |
| 22 | [redacted] |
| 23 | [redacted] |
| 24 | [redacted] |
| 25 | [redacted] |
| 26 | [redacted] |
| 27 | [redacted] |
| 28 | [redacted] |
| 29 | [redacted] |
| 30 | [redacted] |
| 31 | [redacted] |
| 32 | [redacted] |
| 33 | [redacted] |
| 34 | [redacted] |

| | |
|---|---|
| 35 | [redacted] |
| 36 | [redacted] |
| 37 | [redacted] |
| 38 | [redacted] |
| 39 | Quanzhou Yingqi Co. Ltd |
| 40 | [redacted] |
| 41 | YAGU Co. ltd |
| 42 | VelvetWhisk |
| 43 | XIXISTARYY SHOP |
| 44 | [redacted] |
| 45 | [redacted] |
| 46 | [redacted] |
| 47 | Evangeline |
| 48 | Kiaces Jewelry |
| 49 | Camel supermarket |
| 50 | Super Cattle Jewelry |
| 51 | BUFFS JEWELRY |
| 52 | Fashion Loves Jewelry |
| 53 | Farerps |
| 54 | Poto hk |

| **No.** | **Defendants** |
|---|---|
| 1 | [redacted] |
| 2 | [redacted] |
| 3 | yibaobao |
| 4 | wonderfulso |
| 5 | Bolcguri FGD |
| 6 | TOPEUM |
| 7 | HERDIN GLOBAL |
| 8 | Lensenda |
| 9 | [redacted] |
| 10 | Baiting |
| 11 | Ohhaha-us |
| 12 | VLwingwing |
| 13 | sixorchid |
| 14 | CuteTiger |
| 15 | [redacted] |

| | |
|---|---|
| 16 | timepoly |
| 17 | Lrun |
| 18 | Wondervy |
| 19 | [redacted] |
| 20 | [redacted] |
| 21 | [redacted] |
| 22 | [redacted] |
| 23 | [redacted] |
| 24 | [redacted] |
| 25 | [redacted] |
| 26 | [redacted] |
| 27 | [redacted] |
| 28 | [redacted] |
| 29 | [redacted] |
| 30 | [redacted] |
| 31 | [redacted] |
| 32 | [redacted] |
| 33 | [redacted] |
| 34 | [redacted] |
| 35 | [redacted] |
| 36 | [redacted] |
| 37 | [redacted] |
| 38 | [redacted] |
| 39 | Quanzhou Yingqi Co. Ltd |
| 40 | [redacted] |
| 41 | YAGU Co. ltd |
| 42 | VelvetWhisk |
| 43 | XIXISTARYY SHOP |
| 44 | [redacted] |
| 45 | [redacted] |
| 46 | [redacted] |
| 47 | Evangeline |
| 48 | Kiaces Jewelry |
| 49 | Camel supermarket |
| 50 | Super Cattle Jewelry |
| 51 | BUFFS JEWELRY |
| 52 | Fashion Loves Jewelry |

| | |
|---|---|
| 53 | Farerps |
| 54 | Poto hk |